**NATIONAL SURETY CORPORATION, Appellant,**

v.

**INLAND PROPERTIES, INC., Transamerican Marketing Corp. and United Security Life Insurance Company, Appellees.**

**No. 19467.**

United States Court of Appeals Eighth Circuit.

Oct. 14, 1969.

Guy Amsler, Jr., of Barber, Henry, Thurman, McCaskill & Amsler, Little Rock, Ark., for appellant.

Edward L. Wright, of Wright, Lindsey & Jennings, Little Rock, Ark., for appellee, United Security Life Ins. Co.

Before MATTHES, GIBSON and BRIGHT, Circuit Judges.

PER CURIAM.

In this diversity action appellant appeals from the judgment of the district court dismissing with prejudice appellant's complaint against appellee United Security Life Insurance Company, referred to herein as United.

The pivotal issue litigated in the district court was the liability of United to appellant on a written contract of guaranty in the form of a letter, allegedly executed on behalf of United by its former president, W. L. DeLong. More specifically, the Court was required to decide whether DeLong had actual or apparent authority to bind United by the guaranty upon which appellant's claim for relief is premised. Judge Henley, in a soundly reasoned opinion, persuasively demonstrated that DeLong lacked such authority. 286 F.Supp. 173, 176–182 (E.D.Ark.1968).

We reject as untenable appellant's contention that the evidence established as a matter of law that the instrument under consideration constituted a valid and binding obligation of United, and that consequently the district court's findings and conclusions are clearly erroneous.

We have canvassed the voluminous record and are convinced that the evidence clearly supports the judgment of dismissal. Indeed, we find scant, if any, probative evidence to support appellant's

claim. The district court was fully justified in finding on the evidence presented that DeLong had no authority to bind United by the instrument sued on. Certainly, analysis of the entire record does not leave us with the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 68 S. Ct. 525, 92 L.Ed. 746 (1948).

The judgment is affirmed.