Thurman **BRIDGEMAN**, Plaintiff,

v.

**GATEWAY FORD TRUCK SALES** and **Ford Motor Credit Company,** Defendants.

No. LR–68–C–242.

United States District Court, E. D. Arkansas, W. D.

March 18, 1970.

John R. Thompson, Little Rock, Ark., for plaintiff.

Griffin Smith, Little Rock, Ark., for defendants.

## SUPPLEMENTAL MEMORANDUM OPINION

HENLEY, Chief Judge.

On February 19, 1969, this Court filed a memorandum opinion in subject case holding that the two contracts for the sale of motor trucks on credit involved in the case were usurious under the laws of both Arkansas and Texas. Judgment was entered for the amount of the unpaid principal due on plaintiff's indebtedness to the defendants, but no interest was allowed. In so holding the Court relied on the general usury provisions of Vernon's Annotated Statutes of Texas, Art. 5071. Bridgeman v. Gateway Ford Truck Sales, E.D.Ark., 296 F.Supp. 233.

The defendants appealed to the Court of Appeals for the Eighth Circuit from so much of the decision of this Court as held that the contracts were usurious under Texas law.

On February 4, 1970, the Court of Appeals filed a per curiam opinion in the case referring to Art. 5074a of Vernon's Annotated Statutes of Texas which was in force when the contracts in suit were executed, and to certain decisions of the Texas Court of Civil Appeals, which section of the Texas statutes and which decisions had not been cited to this Court originally.

Immediately after the per curiam opinion was filed and before it was published counsel for the defendants filed a motion in the Court of Appeals for an order withdrawing the opinion and remanding the case to this Court for further consideration in the light of the authorities cited to the Court of Appeals by counsel for the defendants. Such an order was entered on February 13, 1970, and the case is now before the Court on that order.

The Court has now considered the brief of defendants filed in the Court of Appeals including its reference to section 5074a and its citations to Lusk v. General Motors Acceptance Corp., Tex.Civ.App., 395 S.W.2d 847; Lamb v. Ed Maher, Inc., Tex.Civ.App., 368 S.W.2d 255; and Rattan v. Commercial Credit Co., Tex. Civ.App., 131 S.W.2d 399.

.The trucks involved in the case were sold on the basis of a time price versus cash price differential, and under the Texas authorities just mentioned the contracts were not usurious under Texas law.

The Court adheres to its original view that the rights of the parties are governed by Texas law; and it follows that the portion of the Court's original opinion and judgment holding the contracts usurious and disallowing any recovery of interest on the unpaid purchase prices of the trucks must be vacated, and that a new judgment allowing interest must be entered.

Counsel for the defendants is now requested to prepare and submit a precedent for an amended judgment.