**Billie Wayne WILKINS; Tressia Wilkins and Wilkins Big Star # 177, Inc., Appellants,**

v.

**M & H FINANCIAL, INC. and Malone and Hyde, Inc., Appellees.**

**No. 79–1909.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1980.

Decided May 13, 1980.

R. J. Brown, Little Rock, Ark., for appellants.

Cyril Hollingsworth, Davidson, Plastiras, Horne, Hollingsworth & Arnold, Little Rock, Ark., argued John R. McCarroll, Jr., Burch, Porter & Johnson, Memphis, Tenn., on brief, for appellees.

Before STEPHENSON and McMILLIAN, Circuit Judges, and VIETOR,* District Judge.

PER CURIAM.

Plaintiffs-appellants, Billie Wayne Wilkins, Tressia Wilkins, and Wilkins Big Star # 177, Inc., brought this action seeking a declaratory judgment and damages against defendants-appellees, Malone & Hyde, Inc. and M & H Financial, Inc. The appellants advanced several theories for relief at trial, but the major contention was that the appellants executed a note payable to M & H Financial, Inc., and that the note was usurious and therefore void. The appellees counterclaimed for the balance of the note

---

* The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa, sitting by designation.

and foreclosure. The district court [1] found against appellants on all of their theories for relief, and determined appellees were entitled to recover on the promissory note and other obligations. Appellants on appeal challenge only the conclusion that the agreement was not usurious. We affirm.

Several of the issues determined adversely to appellants below are not appealed,[2] and we therefore are concerned only with two related issues concerning whether part or all of the parties' transaction was usurious: (1) Whether the district court's findings of fact—that interest charged on account with Malone & Hyde for the term June 15, 1976 to September 30, 1976 did not exceed ten percent—are clearly erroneous; and (2) whether the district court properly concluded that the terms of the note were controlled by the usury laws of Mississippi.

A good summary of the facts appear in the district court opinion, *Wilkins v. M & H Financial, Inc.*, 476 F.Supp. 212, 214–16 (E.D.Ark.1979), and need not be recited here. We have carefully examined the record and find no error in the district court's findings that the interest charged on account with Malone & Hyde and calculated from June 15, 1976 to September 30, 1976 did not exceed ten percent. We adopt the opinion of the district court on this issue, see *Wilkins v. M & H Financial, Inc., supra,* 476 F.Supp. at 216–17.

Appellants' main contention is that the district court misapplied the conflicts law of Arkansas in determining that the substantive usury law of Mississippi applied to the note. After carefully examining the arguments of appellants to the contrary, we are persuaded the district court properly applied the law of *Cooper v. Cherokee Village Development Co.*, 364 S.W.2d 158 (Ark. 1963). The district court distinguished

*Standard Leasing Corp. v. Schmidt Aviation*, 576 S.W.2d 181 (Ark.1979), and we agree *Cherokee Village* was not overruled by *Standard Leasing.*

The district court examined the three choice of law theories adopted by *Cherokee Village* —(1) the place of making of a contract; (2) the place of performance of a contract; and (3) the intent of the parties— and determined they required that Mississippi usury laws controlled. The district court followed *U. S. Manganese Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 576 F.2d 153 (8th Cir. 1978), which held that under Arkansas choice of law rules the substantive law of the foreign state will apply when the parties so intend, and there is a substantial connection between the foreign state and the contract. The district court then found that it was the intention of the parties to have the note controlled by Mississippi usury law, and that Mississippi had a substantial connection with the contract.

We agree with these determinations and the court's holding that Mississippi usury laws apply. We therefore affirm the decision of the district court on the basis of its more extensive and well-reasoned opinion on this issue, see *Wilkins v. M & H Financial, Inc., supra,* 476 F.Supp. at 218–22.

Judgment for appellees is affirmed.

---

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

2. In the district court the plaintiffs also alleged that M & H Financial, Inc. was barred for equitable relief by not being qualified to do business in Arkansas, a violation of the Wingo Act, Ark.Stat.Ann. § 64–1201; that a sublease

was usurious and void; that a percentage markup on the sale of goods should be considered as interest and therefore usurious; that Malone & Hyde violated federal security and anti-trust laws; and that plaintiffs were damaged by fraudulent and negligent misrepresentations. These issues were decided against plaintiffs and are not appealed.