PER CURIAM.
 

 In 1979 defendant-appellant, Bice Construction Company, an Arkansas corporation, contracted with plaintiff-appellee, CIT Corporation, a Georgia corporation, for a loan to purchase equipment for its business. CIT obtained and perfected a security interest in that equipment. When Bice filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code in 1980, CIT requested a modified stay and sought to foreclose its security interest. Bice counterclaimed alleging that the interest rates in the contract were usurious under Arkansas law, and, therefore, the contract was void. The bankruptcy court dismissed Bice’s counterclaim on December 2, 1980. On appeal the district court
 
 [1]
 
 affirmed the judgment of the bankruptcy court.
 
 See Bice Construction, Inc. v. CIT Corp., Inc.,
 
 No. 80-259 (E.D.Ark. April 8, 1982) (order).
 

 The only issue before this court on appeal relates to which state’s usury law applies to the loan agreement in question. The contract which included an interest rate in excess of ten percent per annum, would be usurious and void under Arkansas law.
 
 See
 
 Ark. Const. Art. 19 § 13; Ark.Stat.Ann. §§ 68-602, -604, -608 and -609 (1979). However, the agreement also contained a provision in which the parties agreed that the law of Georgia governed all rights and obligations under the contract, and it is undisputed that the contract would not be usurious under that law.
 

 In addition to this contract provision, the district court considered the essential undisputed facts that: (1) the loan transaction primarily occurred in Arkansas and Tennessee; (2) the solicitation of the loan agreement took place in Arkansas; (3) the contract was executed by Bice in Arkansas; (4) acceptance of the agreement and execution by CIT occurred in Atlanta, Georgia, pursuant to the contract; (5) payments were to be made to CIT’s headquarters in Atlanta. After a thorough review of Arkansas law, the district court determined that the choice-of-law principle set forth in
 
 Cooper v. Cherokee Village Development Co.,
 
 236 Ark. 37, 364 S.W.2d 158 (Ark.1963) remains the law of Arkansas.
 
 Bice Construction, Inc. v. CIT Corp., Inc., supra,
 
 slip op. at 9.
 
 See Wilkins v. M & H Financial, Inc.,
 
 476 F.Supp. 212 (E.D.Ark.1979),
 
 aff’d,
 
 621 F.2d 311 (8th Cir.1980) (per curiam). Under
 
 Cherokee Village,
 
 where the parties stipulate in a multistate contract that a particular state’s law will govern the validity of a contract, that state law will be held to apply, “provided that state has a substantial connection with the contract.”
 
 Cooper v. Cherokee Village, supra,
 
 364 S.W.2d at 161.
 
 See also National Surety Corp. v. Inland Properties,
 
 286 F.Supp. 173, 190 (E.D.Ark.1968),
 
 aff’d,
 
 416 F.2d 457 (8th Cir.1969) (under
 
 Cooper
 
 chosen body of law must bear a “reasonable relationship” to the contract).
 

 Applying this principle to the facts of the present case the district court held that
 

 the Bankruptcy Court was correct in holding that Georgia law governs the in
 
 *467
 
 stant transaction. There exists a definite agreement between the parties that the instrument be “interpreted and the rights and obligations of the parties * * * be governed by the law of the State of Georgia.” Additionally, Georgia had a “substantial connection with” and a “reasonable relationship to” the disputed transaction.
 

 Bice
 
 Construction, Inc. v. CIT Corp., Inc., supra,
 
 slip op. at 11.
 

 We have carefully considered the briefs, arguments and the district court order, and conclude that the court’s decision is neither clearly erroneous as to its factual determinations nor mistaken as to the law as it was applied to the facts. Accordingly, we affirm pursuant to Rule 14 of the Rules of this court on the basis of the district court’s thorough and well-reasoned opinion.
 

 [1]
 

 . The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.