The Honorable Ralph "Buddy" Blair State Representative 7415 Oxford Place Ft. Smith, AR 72903
Dear Representative Blair:
This is in response to your request for an opinion of the following question:
 Whether an Oklahoma Truck Dealership soliciting business in Arkansas and negotiating and signing contracts in Oklahoma is sufficient contact with Oklahoma to provide enforceability of an Oklahoma contract?
The request additionally refers to an Arkansas Supreme Court case — Grogg v. Colley Home Center, Inc., 283 Ark. 120, 671 S.W.2d 733
(1984).
Presumably, then, the question refers to issues presented in the Grogg, supra, case; that is, which states' law governs in a multistate contractual situation. The specific issue in Grogg, supra, was whether Arkansas or Oklahoma law governs an installment loan contract between parties for personal property purchased in Oklahoma and delivered to Arkansas. Of importance was the fact that the purchase contract contained a usurious interest rate under Arkansas law, but not under that of Oklahoma.
Grogg has been followed by Arkansas' Supreme Court in more recent cases; namely, Stacy v. St. Charles Custom Kitchens of Memphis, Inc., 284 Ark. 441, 683 S.W.2d 225 (1985) and Arkansas Appliance Distributing Co. v. Tandy Electronics, 292 Ark. 482, 730 S.W.2d 899
(1987).
In all three of these cases, the Court has concluded that a primary test of which state's law governs is the intent of the parties to the contract. In Tandy, at 484, it was also relevant if the contract itself specified which state's law should be applied, assuming, of course, that the named state had a substantial factual connection with the contractual transaction. See also, Aetna Life Ins. Co. v. Great Nat'l. Corp., 818 F.2d 19
(8th Cir. 1987) (Texas law specified); McMillen v. Winona Nat'l. Sav. Bank, 279 Ark. 16, 648 S.W.2d 460 (1983) (Minnesota law specified, where one party and major elements in transaction were in Minnesota); Snow v. C.I.T. Corp. of the South, Inc., 278 Ark. 554,647 S.W.2d 465 (1983) (Georgia law specified and governing where four states including Georgia were involved in the facts); Bice Constr. Co. v. C.I.T. Corp. of the South, Inc., 700 F.2d 465
(8th Cir. 1983) (facts similar to above state cases, and similar results).
Finally, of significance to the Court has been the question of under which state's law a contract could be held valid. The Court will attempt to give efficacy to a contract within the law.
It is clear that each case decided on this subject by the Arkansas Supreme Court and by federal courts having jurisdiction in Arkansas has turned almost exclusively on its own particular set of facts. Therefore, we cannot provide a general answer to your question about whether Arkansas or Oklahoma law will govern in application of one of the individual state's law as to a purchase contract.
However, the principles cited above, which can serve as a guideline to you, have been fully enunciated. In Grogg, supra at 122-123 the Court stated:
 Since Cooper v. Cherokee Village Development Co., 236 Ark. 37, 364 S.W.2d 158 (1963), our cases have followed a consistent and reasonable approach to the difficult area of multi-state contracts, specifically those involving usury. In Cooper we noted that in determining what law governs the validity of a multi-state contract we had on different occasions applied three different theories: 1) The law where the contract was made; 2) The law where the contract was to be performed in its most essential features; and 3) The law of the state which the parties intended to govern the contract. We noted, too, in Cooper a consistent preference for the law of the state that would make the contract valid rather than void.
The Court went on in Grogg to find that: [T]here are substantial connections to either Arkansas or Oklahoma to allow the laws of either state to govern the transaction and absent a showing of the usurious cloak we will choose the law which will uphold the contract's validity. Such choice is based on the presumption that the parties intend to contract with reference to the law that would uphold, rather than invalidate, their contract. . . . (Citations Omitted.) In addition to this presumption we have the fact that Grogg without solicitation or any underhandedness on the part of the appellee sought out the Oklahoma place of business, all the negotiations for the purchase occurred in Oklahoma (extending over a period of four months), all of the many documents were executed in Oklahoma, the primary contracts stated clearly the place of execution is Oklahoma, and on the face of the contracts the interest rate of 12% was obviously stated in clear, unambiguous terms.
Id. at 124.
Under these circumstances the Arkansas Supreme Court upheld a contract entered into in Oklahoma and found it subject to Oklahoma law.
In Arkansas Appliance Distributing company, supra, Justice Purtle, writing for the Court, also noted that the Uniform Commercial Code, Ark. Code Ann. 4-1-105(1) affirmatively provides that the parties to a multi-state transaction may choose their own law so long as it bears a reasonable relation to the transaction. Id. at 485.
In entering into a multi-state contract, the parties should apply all of the enunciated principles to any specific contractual negotiation and final contract.
It should be noted that these standards adopted by the Arkansas Supreme Court have been recognized as valid by federal courts as well in Snow v. Admiral Ins. Co., supra; Aetna Ins. Co. v. Great Nat'l Corp., supra and as recently as November 25, 1987 in Giroir v. M. Bank Dallas, N.A., 676 F. Supp. 915 (E.D.Ark. 1987).
The Attorney General is required under Arkansas law to render his opinion to the General Assembly upon request as to the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. Ark. Code Ann.25-16-701 (1987). Therefore, this opinion is not provided for the benefit of private third parties and should not be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Solicitor General R.B. Friedlander.