The Honorable Mark Pryor State Representative 2200 Worthen Bank Bldg. Little Rock, AR 72201-3699
Dear Representative Pryor:
This is in response to your request for an opinion on the following two questions regarding the application of Arkansas usury law to contracts involving foreign corporations engaged in financing and leasing in Arkansas:
 (1) Assuming the organization does not execute contracts within the State of Arkansas, and the contracts do not call for Arkansas law to apply, would they be subject to Arkansas usury laws or fall under the usury law of the state of the contract?
 (2) If an organization has no physical location or local representation within the State of Arkansas, is it not considered conducting business within the state, thus, making the organization exempt from Arkansas usury law?
The determination of whether Arkansas usury law applies to a multi-state contract necessarily involves consideration of the facts and circumstances of the particular situation. The determination does not lend itself well to generalization and is best made on a case by case basis. Accordingly, I am unable to state authoritatively whether, in the circumstances described in your questions, Arkansas usury law would apply. I can, however, set out the general principles that would govern a court's determination of the issue.
In determining whether Arkansas usury law (Art. 19, § 13 of the Ark. Const.) applies to a multi-state contract, Arkansas courts have applied traditional choice of law principles. The courts have, over the years, applied three different theories in determining what law governs the validity of a multistate contract: (1) the law of the state in which the contract was made; (2) the law of the state in which the contract is to be performed; and (3) the law of the state which the parties have intended to govern the contract, provided that state has a substantial connection with the contract. See Stacy v. St.Charles Custom Kitchens of Memphis, Inc., 284 Ark. 441,683 S.W.2d 225 (1985); Grogg v. Colley Home Center, Inc.,283 Ark. 120, 671 S.W.2d 733 (1984); Cooper v. Cherokee VillageDevelopment Co., 236 Ark. 37, 364 S.W.2d 158 (1963). In determining where a contract was made, courts have generally considered where the contract was drafted, offered for acceptance, negotiated, signed, executed, and delivered. Id.
With regard to where a contract is to be performed, courts have considered, among other things, where work is performed, where deliveries are made, and where payments are made. Id. Finally, with respect to the law the parties intend to govern a contract, courts have considered the terms of the contract as well as other actions of the parties bearing on their intent. Id.
In applying the above principles, the Arkansas Supreme Court has noted a consistent preference for the law of the state that would make the contract valid rather than void, id.; ArkansasAppliance Distributing Co. v. Tandy Electronics, Inc.,292 Ark. 482, 730 S.W.2d 899 (1987); however, it has also noted a disregard for that preference in cases involving the issue of usury, when the laws of another state become a sham for charging a higher interest rate and avoiding the harsh penalty applied by Arkansas law. See Grogg v. Colley Home Center, Inc., supra.
A contract will not be upheld if it is merely a cloak for usury, such as when the parties to a wholly Arkansas contract have sought to avoid the Arkansas usury law by having the validity of the contract determined by the law of a state having no substantial connection with the contract. Aetna Life Ins. Co. v.Great Nat'l Corp., 818 F.2d 19 (8th Cir. 1987) (citing Cooperv. Cherokee Village Development Co., supra, and Grogg v.Colley Home Center, Inc., supra).
Application of the above principles to the circumstances described in your opinion request does not yield a conclusive answer to your question of whether Arkansas usury law would apply to the contracts involved. With respect to your second question, the fact that an organization has no physical location or local representation in Arkansas would have to be considered along with all the other relevant facts and circumstances in determining whether a contract with such an organization is subject to Arkansas usury law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh