In re Cathy G. JONES.

Cathy G. Jones, Plaintiff,

v.

First Fidelity Acceptance, Corporation, Greenwich Capital Financial Products, Inc., Norwest Bank Minnesota, N.A. and American Lenders Facility, Inc., Defendants.

Bankruptcy No. 96–50761 S.

Adversary No. 97–5009.

United States Bankruptcy Court,
E.D.Arkansas,
Pine Bluff Division.

Jan. 19, 1999.

Arnold Goodman, Little Rock, AR, for plaintiff.

William Waddell, for First Fidelity Acceptance Corporation.

Lance Miller, for Norwest Bank of Minnesota, N.A.

Richard Ramsay, for American Lenders Facility, Inc.

David Powell, for Greenwich Capital Financial Products, Inc.

David D. Coop, N Little Rock, AR, Chapter 13 Trustee.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon First Fidelity Acceptance Corporation's Renewed Motion for Summary Judgment, filed on December 4, 1998, to which the debtor responded, opposing the motion. The defendant Norwest Bank Minnesota, N.A. also filed a response requesting that the motion be granted.

The complaint seeks monetary damages and a declaratory determination that the interest rate under a contract is usurious under Arkansas law. First Fidelity seeks summary judgment on the basis that Texas law applies to this action, not Arkansas law.

#### Standards Governing Motions for Summary Judgment

Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Company,* 849 F.2d 1269, 1273 (10th Cir.1988). Summary judgment is appropriate when a court can conclude that no reasonable juror could find for the nonmoving party on the basis of the evidence presented in the motion and response. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As the Supreme Court has made clear, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548.

After the movant has made a properly supported summary judgment motion, "the nonmovant [has] the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. The nonmovant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. Of course, the trial judge must accept as true the nonmovant's evidence, must draw all legitimate inferences in the nonmovant's favor, and must not weigh the evidence on the credibility of witnesses. *Windon Third Oil and Gas v. Federal Deposit Insurance Corporation,* 805 F.2d 342, 346 (10th Cir.1986).

#### The Uncontroverted Facts

The material facts not in dispute are that, in November 1995, Cathy Jones completed a credit application at an Arkansas car dealership and, on November 6, 1995, she was advised that she had been approved for credit. In December 1995, Jones returned to the dealership, inquired if her credit application was still good, and, the next day picked out a car. Unfortunately, her credit would not extend to the car she chose. She chose another within the limits of the credit approval. Plaintiff purchased the vehicle and took delivery of the car in Arkansas. In purchasing the vehicle, the debtor signed a contract which provided for assignment of the contract to First Fidelity and which pro-

vided that the law of the State of Texas would govern the contract. The debtor received a copy of this contract. The debtor also signed documents which indicated that Norwest Bank, not he dealership, was the financing company and that insurance was required, payable to Norwest Bank. Jones had no discussion with anyone at the dealership as to the identity of the financing company; she simply assumed that the dealership was the financier.

Jones completed all of the documents required for the financing application in Arkansas, which documents were then transmitted to First Fidelity's office in Texas. The heading on the application for financing states in large, bold letters, "First Fidelity Acceptance Corporation." Jones paid no attention to the names of the entities in any of the documents. Indeed, when she attempted to obtain insurance, the insurance company had to call the dealership to find out to whom the insurance was required to be made payable. This information was obtained before she drove the vehicle from the dealership lot because, as the uncontroverted evidence demonstrates, she had to obtain insurance before she could take the car from the dealership.

Financing for the debtor to purchase the automobile was provided by First Fidelity whose principal place of business is in Texas. Review and approval of the financing application occurred in Texas. All payments on the contract were made by plaintiff by mailing checks from Arkansas, to either the contract servicer in California, located in Irvine, California or to First Fidelity in Texas.

*Choice of Law*

The issue before the Court is whether Arkansas or Texas law governs the contract in this adversary proceeding. In determining what law to apply the court first looks to the choice-of-law rules of the forum state, in this instance, Arkansas. *See Aetna Life Insurance Co. v. Great National Corporation,* 818 F.2d 19, 20 (8th Cir.1987); *Bridgeman v. Gateway Ford Truck Sales,* 296 F.Supp. 233 (E.D.Ark.1969), *amended,* 311 F.Supp. 695 (E.D.Ark.1970); *Nursing Home Consultants, Inc. v. Quantum Health Services, Inc.,* 926 F.Supp. 835 (E.D.Ark. 1996), *aff'd,* 112 F.3d 513 (8th Cir.1997). However, where usurious interest rates are alleged, the Arkansas courts require further scrutiny. *Aetna Life Insurance Company v. Great National Corporation,* 818 F.2d 19, 20 (8th Cir.1987). Although the Arkansas courts will generally uphold the contractual selection of a particular state's law, and this doctrine is applied in usury cases, the parties' choice-of-law selection is applied only if the state whose law is chosen bears a reasonable relationship to the contract. *Brock v. First Fidelity Acceptance Corp.,* Slip op., No. PB–C–97–531 at 6 (E.D.Ark. May 11, 1998) (Wright, J.), *appeal dismissed,* No. (8th Cir. Aug. 21, 1998) (aff'g 214 B.R. 877 (Bankr. E.D.Ark.1997) and citing *Cooper v. Cherokee Village Development Co.,* 236 Ark. 37, 364 S.W.2d 158 (1963)). The rule is balanced, too, by the Arkansas policy toward applying the law of the state that will make the contract valid, rather than void. *Brock,* slip op. at 7; *Cooper,* 364 S.W.2d at 161.

In the instant case, the sale, registration and housing of the property occurred in Arkansas. The plaintiff completed the application for the financing in Arkansas. Notification of the acceptance of the loan came from Texas, the loan funds were authorized from Texas, the decision as to whether the financing would be provided was made by First Fidelity in Texas. This factual situation is similar to several Arkansas cases in which the courts enforced contractual terms requiring the application of foreign, not Arkansas, law. For example, in *American Honda Finance Corp. v. GloMc, Inc.,* 820 F.Supp. 1157 (E.D.Ark.1993), although the documents were negotiated in Arkansas, the defendants signed them in Arkansas, and payments were to be made to a third state, California had a substantial connection with the contract because it were received by an officer in California, the contract required California law, and the payments, although processed in another state, were remitted to the California lender. *Accord Bice Construction Co. v. CIT Corporation of the South, Inc.,* 27 B.R. 543 (E.D.Ark.1982) (Eisele, C.J.); *Wilkins v. M & H Financial, Inc.,* 476 F.Supp. 212,

(E.D.Ark.1979) (Roy, J.), *aff'd*, 621 F.2d 311 (8th Cir.1980).

The facts of this case are also very similar to the facts of *Brock v. First Fidelity Acceptance Corp.*, 214 B.R. 877 (Bankr.E.D.Ark. 1997), *aff'd*, slip op. No. PB–C–97–531 (E.D.Ark. May 11, 1998) (Wright, J.), *appeal dismissed*, No. (8th Cir. Aug. 21, 1998). The only distinction is that the debtor in *Brock* had greater awareness that the financing company was a separate entity from the dealership. Jones simply assumed, apparently on the basis that she was only in contact with the dealership, that the dealership was the financing entity. This minor factual distinction has no effect upon the outcome of the analysis. The question before the court is whether the State of Texas has a sufficient connection to the transaction to enforce the choice of law clause. The fact that no one specifically advised Jones of the Texas connection does not obviate the connection itself nor render summary judgment inappropriate.

In the instant case, the sale, registration, and use of the car were in Arkansas, and Jones completed the application for financing in Arkansas. However, review and approval of the financing application occurred in Texas, the loan funds were authorized from Texas and the decision as to whether the financing would be provided was made in Texas. Accordingly, there is a reasonable relationship between the state of Texas and the contract such that the choice of law provision in the contract is valid and enforceable. Since Texas law applies to the contract, the defendant First Fidelity Acceptance Corporation is entitled to judgment on the complaint which asserts only a violation of Arkansas law.

ORDERED that First Fidelity Acceptance Corporation's Motion for Summary Judgment, filed on December 4, 1998, is GRANTED.

**IT IS SO ORDERED.**